UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In the Matter of the Complaint of Archer Daniels Midland Company and American River Transportation Company LLC for Exoneration from, or Limitation of, Liability,<br><br>Petitioner. | Case No. 18-cv-1131 (WMW/SER)<br><br>**ORDER** |

This matter is before the Court on the July 30, 2019 Consent Motion for Entry of Final Decree of Exoneration from Liability. (Dkt. 59.) Petitioners Archer Daniels Midland Company and American River Transportation Company LLC—with the consent of Claimant Union Pacific Railroad Company and third-party Defendant Upper River Services, LLC—seek a final decree of exoneration from liability.

The settlement of a lawsuit between private parties ordinarily is solely in the province of the parties and need not be approved by a district court. *See Gardiner v. A.H. Robins Co.*, 747 F.2d 1180, 1189 (8th Cir. 1984). "[F]ederal courts have neither the authority nor the resources to review and approve the settlement of every case brought in the federal court system." *Caplan v. Fellheimer Eichen Braverman & Kaskey*, 68 F.3d 828, 835 (3d Cir. 1995). In fact, "[c]ourts not only frown on interference by trial judges in parties' settlement negotiations, but also renounce the practice of approving parties' settlement agreements." *Gardiner*, 747 F.2d at 1189 (citing *United States v. City of Miami*, 614 F.2d 1322, 1330 (5th Cir. 1980)). When the parties agree, they may settle their litigation at any time; the court need not be involved. *Id.*

It is an exceptional circumstance, not the general rule, for a district court to approve the adequacy of a settlement. *City of Miami*, 614 F.2d at 1331. For instance, entry of a stipulated dismissal under Rule 41(a)(1)(ii) is effective automatically and does not require approval by a district court. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii). The same is true of an entry of judgment pursuant to an offer of judgment under Rule 68. *See* Fed. R. Civ. P. 68(a); *see also White v. Nat'l Football League*, 756 F.3d 585, 595 (8th Cir. 2014) (observing that, under Rule 68, "the clerk enters judgment in the amount stipulated," and does so "without any involvement by the court").

The present motion memorializes an agreement between private parties resolving this litigation. The parties provide no legal authority addressing the need for or propriety of obtaining the Court's approval of or substantive involvement in any aspect of their agreement. Because there appears to be no legal basis for submitting the final decree of exoneration from liability to the Court for approval, the Court declines to provide its endorsement.

**ORDER**

Based on the foregoing analysis, the Court will take no action on the Consent Motion for Entry of Final Decree of Exoneration from Liability, (Dkt. 59).

Dated: August 9, 2019  s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge