UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In the Matter of the Complaint of Archer Daniels Midland Company and American River Transportation Company LLC for Exoneration from, or Limitation of, Liability,<br><br>Petitioners. | Case No. 18-cv-1131 (WMW/SER)<br><br>**ORDER FOR DEFAULT AND DISMISSAL WITH PREJUDICE** |

This matter is before the Court on the Stipulation of Dismissal, (Dkt. 64), between Claimant Union Pacific Railroad Company, Third-Party Defendant Upper River Services, LLC, and Petitioners Archer Daniels Midland Company (ADM) and American River Transportation Company LLC (ARTCO). Also, before the Court is Petitioners' Motion for Default Judgment. (Dkt. 62.) For the reasons addressed below, the Court dismisses with prejudice the claims between Petitioners, Union Pacific Railroad Company, and Upper River Services, LLC, and grants Petitioners' Motion for Default Judgment.

## BACKGROUND

Petitioners Archer Daniels Midland Company (ADM) and American River Transportation Company LLC (ARTCO) commenced the instant action pursuant to the Limitation of Liability Act (LOLA), 46 U.S.C. § 30501 *et seq.*, and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure (hereinafter Fed. R. Civ. P. Supp. R. F). LOLA was enacted in an effort to encourage investment in the American shipping industry. *Universal Towing Co. v. Barrale*, 595 F.2d 414, 417 n.3 (8th Cir. 1979). It provides that

a shipowner's liability to damage claimants is limited to the shipowner's interest in the vessel and the vessel's freight, provided the loss is incurred without the shipowner's privity or knowledge. *Id*. at 417; *see also* 46 U.S.C. § 30505(a).

A shipowner seeking to invoke LOLA must file a complaint for limitation of liability in a United States District Court and deposit with the court an amount representing the value of the vessel and its freight or give security for such value. 46 U.S.C. § 30511(a), (b); Fed. R. Civ. P. Supp. R. F(1). The district court then must stay all related claims against the shipowner and issue a notice to all potential claimants that requires potential claimants to file their claims with the court within a specified time, 46 U.S.C. § 30511(c); Fed. R. Civ. P. Supp. R. F(3), (4), and serve those claims on or before the date specified in the notice, Fed. R. Civ. P. Supp. R. F(5). The district court may then resolve the vessel owner's claim to limitation of liability as to all claims that have been timely filed. *Universal Towing Co.*, 595 F.2d at 417. Default judgment in the shipowner's favor against all properly noticed potential claimants who have not timely filed a claim is the appropriate remedy once the time for filing claims specified in the notice has expired. *See In re Am. River Transp. Co.*, 800 F.3d 428, 441 (8th Cir. 2015) (Riley, J., concurring).

On April 26, 2018, ADM and ARTCO filed a Complaint seeking exoneration from or limitation of liability with respect to a marine casualty that occurred on or about October 26, 2017. Barge ART-35157, an inland river hopper barge being towed by the M/V COOPERATIVE VENTURE, an inland river towboat, allided with the left

2

descending bridge pier of the Pigs Eye Bridge,[1] which is located near Mile Marker 835 on the Upper Mississippi River in South St. Paul, Minnesota. Petitioners subsequently filed a Motion for Issuance of Notice and a Motion for Approval of Ad Interim Stipulation for Value and for Issuance of Order Restraining Suits.

The Court's May 23, 2018 Order approved the ad interim stipulation for value, ordered the issuance of notice, and restrained law suits. (Dkt. 16.) The Order also directed all parties asserting claims arising out of or connected with the aforementioned allision to file their claims with the Clerk of Court for the District of Minnesota no later than July 9, 2018. Between June 8, 2018, and June 29, 2018, Petitioners published the Notice of Complaint for Exoneration from or Limitation of Liability in the *Minneapolis Star Tribune* once per week for four consecutive weeks, as provided by Rule F(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Union Pacific Railroad Company, owner and operator of the Pigs Eye Bridge, filed a claim in the form of an Answer to the Petitioners' Complaint, (Dkt. 19), and asserted a third-party claim against Upper River Services, LLC. Upper River Services, LLC, timely answered the third-party complaint. (Dkt. 34.)

On September 9, 2019, ADM and ARTCO, Union Pacific Railroad Company, and Upper River Services, LLC, filed a Stipulation of Dismissal, agreeing to dismiss with prejudice all claims between them, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. (Dkt. 64.)

---

[1] The Pigs Eye Bridge also is known as the Hoffman Street Bridge, the St. Paul Union Pacific Rail Bridge, the UPRR Bridge, and the Beltline Bridge.

Also on September 9, 2019, ADM and ARTCO filed a Motion for Default Judgment seeking entry of default judgment "against any and all persons or entities who have not filed claims in this limitation proceeding." (Dkt. 62.) The basis for Petitioners' request is the Court's May 23, 2018 Order, the expiration of the claim-filing deadline of July 9, 2018, and Petitioners' demonstrated compliance with this Court's May 23, 2018 Order.

## ANALYSIS

The record establishes that Petitioners properly filed the Complaint initiating this action pursuant to LOLA and Supplemental Admiralty and Maritime Claims Rule F. Notice to potential claimants was issued, and the deadline for filing claims (July 9, 2018) has passed. Only Union Pacific Railroad Company timely answered Petitioners' complaint and pleaded in Upper River Services, LLC. The parties—Petitioners, Union Pacific Railroad Company, and Upper River Services, LLC—have stipulated to dismiss with prejudice the claims between them, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. Thus, default judgment is warranted in favor of Petitioners against all properly noticed potential claimants who did not file a claim before the July 9, 2018 deadline. *See In re Am. River Transp. Co.*, 800 F.3d at 441.

## ORDER

Based on the foregoing analysis and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Union Pacific Railroad Company's claims against Petitioners and Upper River Services, LLC, are **DISMISSED WITH PREJUDICE**, and with each party bearing its costs and attorneys' fees.

2. The Clerk of Court is directed to **ENTER DEFAULT**, Fed. R. Civ. P. 55(a), against all persons or entities who did not file timely claims.

3. Petitioners' Motion for Default Judgment, (Dkt. 62), is **GRANTED** and default judgment is entered against all persons or entities having claims against Petitioners with respect to the October 26, 2017 allision who failed to timely file an answer or claim as ordered by the Court.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 4, 2019                         s/Wilhelmina M. Wright
                                               Wilhelmina M. Wright
                                               United States District Judge